JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

ANNA TRYON PLETCHER (CABN 239730)
PHILIP KEARNEY (CABN 114978)
Assistant United States Attorneys
   450 Golden Gate Ave., Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7200
   Fax: (415) 436-7234
   E-Mail: anna.pletcher2@usdoj.gov
        philip.kearney@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 10-0305 VRW |
| Plaintiff, ) | UNITED STATES' NOTICE OF INTENT TO IMPEACH THE DEFENDANT WITH PRIOR CONVICTIONS |
| v. ) | |
| CHARLES REDDEN, ) | Date: July 1, 2010 |
| Defendant. ) | Time: 2:00 p.m. |

Pursuant to Federal Rule of Evidence 609, the United States hereby gives notice of its intention to impeach the defendant with his prior felony convictions if he chooses to testify at trial.

The following table sets forth the defendant's felony convictions that the government intends to offer for impeachment.

| DATE | CHARGE/FACTS | STATUTE | SENTENCE |
|---|---|---|---|
| 04/26/89 | <u>Theft, Second Degree</u>: Paid for hotel stay with invalid check | Hawaii Rev. Statutes §708-831 | 154 days jail; 5 years probation |

| | | | |
|---|---|---|---|
| 11/16/92 | <u>Forgery, Second Degree; Theft, Third Degree</u>: Forged checks to buy hotels, clothing, airline tickets | Hawaii Rev. Statutes §§ 708-852, 708-832 | 60 months imprisonment |
| 11/25/96 | <u>Threatening to Destroy a Building by Explosives</u>: Letter to ATF agent in Hawaii threatening to blow up federal buildings | 18 U.S.C. § 844(e) | 27 months imprisonment; 3 years supervised release |
| 10/17/00 | <u>Mailing Threatening Communications</u>: Letters to US District Court judge and ATF agents threatening rape and murder | 18 U.S.C. § 876(c) | 60 months imprisonment; 3 years supervised release |
| 01/18/02 | <u>Biological Weapons Threat</u>: Phone calls claiming that anthrax had been released in a US Courthouse | 18 U.S.C. § 175(a) | 60 months imprisonment; 5 years supervised release |
| 08/07/08 | <u>Escape from Custody</u>: Failure to return to half-way house | 18 U.S.C. § 751(a) | 15 months imprisonment; 3 years supervised release |

**ARGUMENT**

Federal Rule of Evidence 609 provides the rule for admissibility of prior convictions as impeachment evidence. Rule 609(a)(1) provides that, for the purpose of attacking the credibility of a testifying defendant, evidence that the defendant has been convicted of a crime punishable by death or imprisonment in excess of one year "shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused."

There are five factors, often called the *Cook* factors, that the Court must consider in balancing the probative value of prior convictions against their prejudicial impact:

> (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of defendant's testimony; and (5) the centrality of the defendant's credibility.

*United States v. Hursh*, 217 F. 3d 761, 768, 1406 (9th Cir. 2000), *citing United States v. Browne*, 829 F.2d 760, 762-63 (9th Cir. 1987). "The government bears the burden of showing that the

\\

evidence's probative value substantially outweighs its prejudicial effect." *Browne*, 829 F.2d at 763.

Under the *Cook* analysis, the defendant's convictions are admissible as impeachment evidence if he testifies that he did not threaten or intend to threaten the victims in this case or if he testifies that he is of good character.

**A.     Impeachment Value**

The prior convictions each have significant impeachment value.

### 1.     1989 and 1992 Convictions

The 1989 Theft and 1992 Theft and Forgery convictions are crimes of dishonesty. Pursuant to FRE 609(a)(2), evidence of crimes that involve "dishonesty or false statement" are automatically admissible if a witness convicted of such crimes testifies.  A crime falls under FRE 609(a)(2) if it involves  "some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully." H.R. Conf. Rep. No. 1597, 93d Cong., 2d. Sess. 9. *See United States v. Brackeen,* 969 F.2d 827, 831 (9th Cir. 1992) ("Congress intended Rule 609(a)(2) to apply only to those crimes that factually or by definition *entail some element of misrepresentation or deceit*.") (emphasis added).

The 1989 conviction arose from the defendant's use of an invalid check. The defendant provided a fraudulent check for $2,681.14 to pay for a 14-day stay at a hotel in Hawaii. After two days, hotel staff questioned the defendant, and he stated that he had taken the check from his father's business. Similarly, the 1992 convictions arose from the defendant's forgery of a number of checks to pay for various expenses, such as swimsuits and airline tickets, while traveling with his girlfriend through New Jersey, Florida, and Hawaii. Both cases involved acts of deceit and dishonesty that call into question the defendant's credibility. As a result, the convictions "shall be admitted" pursuant to FRE 609(a)(2) if the defendant takes the stand.

### 2.     1996, 2000, 2002 Threat Convictions

The fact that the defendant has been convicted for making threats in the past casts doubt on any claim that he did not intend to threaten the witness in this case or that he is of good character.

### 3. 2008 Escape Conviction

The 2008 Escape conviction should be admitted under FRE 609(a)(2) because it involved dishonesty and false statement. In November 2007, the defendant was housed at Cornell Corrections Center, a half-way house in San Francisco. On November 9, 2007, the defendant was approved to visit a local Social Security Office. He left for the approved absence and never returned. On November 16, 2007, officers approached him in Golden Gate Park. The defendant falsely identified himself and falsely stated that he had never been arrested before. It was an act of dishonesty to leave the half-way house for a scheduled appointment and fail to return. It was another act of dishonesty to lie to the police. Thus, the 1998 Escape conviction involved "some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully" and should be admissible for impeachment.

### B. Point in Time of Conviction and Defendant's Subsequent History

#### 1. 1989 and 1992 Convictions

FRE 609 (b) generally excludes evidence of a conviction if "a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from confinement for that conviction, whichever is the later date." If the ten-year time period has passed, the district court must conduct a balancing test. FRE 609(b). If the court finds that the probative value substantially outweighs the prejudicial effect, it may, in the interest of justice, admit the evidence. *Id.*

In this case, more than ten years has elapsed since the 1989 and 1992 convictions and the defendant's release from confinement for those convictions. The facts underlying those convictions, however, are highly probative of the defendant's credibility. Presenting an invalid check and forging checks are blatant acts of misrepresentation, deceit, and dishonesty. The fact that the events occurred so many years ago is hardly prejudicial. In the years that have elapsed, the defendant has engaged in numerous other acts of deceit and dishonesty that show a continuing pattern of untruthfulness.

#### 2. The Remaining Convictions

The remaining convictions fall within FRE 609's time limit. They occurred between

1996 and 2008.  The defendant was in custody during much of this time and in custody or on supervised release when he committed the offenses for which he was convicted in 1996, 2000, 2002, and 2008.  The fact that a prior conviction was for an offense committed while the defendant was serving time weighs strongly in favor of admissibility.  *See Browne*, 829 F.2d at 763 (favoring admissibility of a prior conviction because the defendant had been out of jail for less than one year when he committed a new offense).

### C. Similarity Between Past and Charged Crimes

Where a prior conviction is sufficiently similar to the crime charged, there is a substantial risk that the jury will impermissibly conclude that "because [the defendant] did it before, he must have done it again."  *Browne*, 829 F.2d at 763.   If they serve a proper impeachment purpose, however, prior convictions may be admissible in spite of their similarity to the offense at issue. *Id.*; *see United States v. Alexander,* 48 F.3d at 1488 (holding that "a prior bank robbery conviction [is] not inadmissable per se, merely because the offense involved was identical to that for which [the defendant] was on trial.").

In this case, the 1989, 1992, and 2008 convictions are sufficiently distinct from the charged crimes.  The 1996, 2000, and 2002 convictions were, like the charges here, based on threats that the defendant made. The 2000 convictions were based on letters that the defendant wrote to United States District Court Judge David Ezra and ATF Special Agent Barbara Maxwell.  Those letters used language and included threats of rape and murder that are similar to the letters that form the basis for the charges here.  There are, however, differences between the prior letters and the ones at issue that would prevent a jury from drawing impermissible conclusions.  Importantly, the threats to Judge Ezra and Agent Maxwell were directed towards government officials.  In contrast, the threats in this case were directed towards civilians.

In any event, the government would offer the prior threat convictions only for legitimate impeachment purposes.  If the defendant denies that he wrote the letters or that he had the intent to write the letters at issue here, the prior convictions would raise significant doubts about his credibility.  The similar language and threatened conduct show a pattern of behavior – a *modus operandi* – that the defendant has used repeatedly.  The prior letters also show that the defendant

had a motive to threaten Ms. Hicks and Ms. Garrigan. A jury could conclude that he then had and still has an anger and disrespect for the government and the criminal justice system. A jury could alternatively conclude that he threatened individuals and institutions whom he believed were responsible for sending him to prison. In short, despite the similarities between some of the prior threats and the current charges, the prior threats are highly probative of the defendant's credibility and should be admissible for impeachment.

### D. Importance of Defendant's Testimony and Centrality of Defendant's Credibility

The Ninth Circuit has held that "[w]hen a defendant takes the stand and denies having committed the charged offense, he places his credibility directly at issue." *United States v. Alexander,* 48 F.3d at 1489 (citing numerous cases). Thus, if the defendant testifies in this case that he did not threaten or lacked the intent to threaten the victims, he puts his credibility at issue, and his prior convictions should be admitted to impeach him.

The importance of putting defendant's testimony in proper light for the jury cannot be overstated. If the defendant takes the stand and the United States is not permitted to impeach him with his prior convictions, the jury would likely be left with a false impression about his trustworthiness as a testifying witness. As the Ninth Circuit observed,

> [i]t is not surprising that the [district] court was unwilling to let a man with a substantial criminal history misrepresent himself to the jury, with the government forced to sit silently by, looking at a criminal record which, if made known, would give the jury a more comprehensive view of the trustworthiness of the defendant as a witness.

*United States v. Cook,* 608 F.2d 1175, 1187 (9th Cir. 1979) (en banc).

To the extent any prejudice may arise by evidence of any of these prior convictions, it can be addressed by Ninth Circuit Jury Instruction No. 4.6: "You have heard evidence that defendant has previously been convicted of a crime. You may consider that evidence only as it may affect the defendant's believability as a witness. You may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial." It must be assumed that the jury will follow the instructions given to it by the Court. *See United States v. Nelson*, 137 F.3d 1094, 1107 (9th Cir. 1998) ("[T]he district court gave detailed limiting instructions in

order to curtail any unfair prejudice that Nelson might suffer. This court can presume that the jury followed these instructions.").

### IV.  CONCLUSION

For the foregoing reasons, the United States respectfully requests leave to impeach the defendant with all of the above-mentioned convictions if the defendant chooses to testify.

DATED: June 17, 2010          Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


_____/s/_____
ANNA TRYON PLETCHER
PHILIP KEARNEY
Assistant United States Attorneys

UNITED STATES NOTICE OF INTENT TO IMPEACH DEFENDANT WITH PRIOR CONVICTIONS
CR 10-0305 VRW                                7